UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KAROL I. SMITH

Plaintiff,

v.

ALEXANDER SMITH,
DANIELLE ZOERB,
ROBERT SMITH,
GWENDOLYN PANGBURN,
DENNIS STENSLIEN,
GUNDERSEN LUTHERAN HEALTH SYSTEM, INC., and
GUNDERSEN LUTHERAN ADMINISTRATIVE SERVICES, INC.

Case No. 19-CV-241

Defendants.

---

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

---

Plaintiff Karol I. Smith ("Karol" or "Plaintiff"), by her attorneys Reinhart Boerner Van Deuren s.c., bring this complaint against Defendants Alexander Smith, Danielle Zoerb, Robert Smith, Gwendolyn Pangburn, Dennis Stenslien, Gundersen Lutheran Health System, Inc., and Gundersen Lutheran Administrative Services, Inc. (collectively, "Defendants") and allege as follows:

**INTRODUCTION**

Karol is the designated sole beneficiary to the pension benefits of her late husband, Martin J. Smith ("Decedent"). The pension benefits are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. ERISA generally preempts conflicting state law, requires plan administrators to distribute benefits in accordance with the

plan documents, and prohibits the transfer or alienation of benefits from a designated beneficiary except in accordance with ERISA's strictures. However, Decedent's children from a prior marriage, as well as the children of Decedent's former spouse from a separate marriage, have sought to use state law to take Karol's ERISA benefits—as well as to obtain equitable relief directly against the benefit plan's administrator—notwithstanding that neither Karol nor Decedent ever gave or transferred those benefits to them, that ERISA preempts their state law claims, and that state courts are without jurisdiction to adjudicate claims for equitable relief against ERISA plan administrators. Ignoring all of this, the children claim they should be entitled to Karol's benefits under a state law marital property agreement between Decedent (the father of three of them) and his previous spouse (the mother of two of them). Because Karol is entitled to receive and retain her benefits under ERISA and the terms of the plan (and the marital property agreement), and because ERISA trumps the marital property agreement to the extent they conflict, Karol seeks declaratory relief affirming that she is entitled to receive and retain her ERISA benefits. Further, because the children have sought injunctive relief directly against the plan administrator in state court (in direct contravention of federal law granting exclusive jurisdiction over such relief to the district courts of the United States), Karol also seeks injunctive relief requiring the plan administrator to distribute to her the ERISA benefits in accordance with the plan documents and ordering the children to cease their attempts to seize or otherwise interfere with Karol's ERISA benefits.

**JURISDICTION AND VENUE**

1. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. This case involves an actual controversy among the parties as to whether ERISA preempts a state

law marital property agreement with respect to the designation of the rightful beneficiary of ERISA benefits and various state law remedies sought against Plaintiff and the benefits.

2. ERISA governs this dispute. Accordingly, this matter arises under federal law and this Court has original jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). This Court also has exclusive jurisdiction over the equitable relief sought against Defendants Gundersen Lutheran Health System, Inc., and Gundersen Lutheran Administrative Services, Inc. pursuant to 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the benefits are administered in this District.

## PARTIES

4. Karol is an adult citizen of the State of Wisconsin.

5. Upon information and belief, Defendant Alexander Smith ("Alexander") is an adult child of Decedent and a citizen of the State of Minnesota.

6. Upon information and belief, Defendant Danielle Zoerb ("Danielle") is an adult child of Decedent and a citizen of the State of Wisconsin.

7. Upon information and belief, Defendant Robert Smith ("Robert") is an adult child of Decedent and a citizen of the State of Wisconsin.

8. Upon information and belief, Gwendolyn Pangburn ("Gwendolyn") is an adult child of Decedent's prior spouse, Ruby Smith ("Ruby"), who is also deceased, and a citizen of the State of Wisconsin.

9. Upon information and belief, Dennis Stenslien ("Dennis") is an adult child of Ruby and a citizen of the State of Colorado.

10. Defendants Alexander, Danielle, Robert, Gwendolyn, and Dennis are collectively referred to as the "Prior Marriage Children."

11. Upon information and belief, Defendant Gundersen Lutheran Health System, Inc. ("GLHS") is a Wisconsin non-stock, non-profit organization.

12. Upon information and belief, Defendant Gundersen Lutheran Administrative Services, Inc. ("GLAS") is the sponsor of the Gundersen Lutheran Employees' Retirement Plan ("Plan"). Upon information and belief, GLHS is the sole member of GLAS.

13. Defendants GLHS and GLAS are collectively referred to as "Gundersen."

14. The pension benefits designed under the Plan are referred to as the "ERISA Benefits."

**PERTINENT PROVISIONS OF ERISA**

15. ERISA is a comprehensive federal statute that regulates private employee benefit plans in order to provide protection to plan participants and beneficiaries. *See Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 209 (2002).

16. "ERISA expressly preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute." *Geller v. Cty. Line Auto Sales, Inc.*, 86 F.3d 18, 22 (2d Cir. 1996) (citation omitted). "[T]he express preemption

provisions of ERISA are deliberately expansive . . . [and] are among the broadest that can be found in the law." *Id.* (citation omitted).

17. Generally, ERISA requires covered pension benefit plans to "provide that benefits . . . under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). However, ERISA does not bar certain assignments if they are pursuant to a Qualified Domestic Relations Order ("QDRO"). 29 U.S.C. § 1056(d)(3).

18. To qualify, a QDRO must contain (1) "the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order[;]" (2) "the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined[;]" (3) "the number of payments or period to which such order applies[;]" and (4) "each plan to which such order applies." 29 U.S.C. § 1056(d)(3)(C). A QDRO also may not alter the benefits owed by the plan in any way. *See* 29 U.S.C. § 1056(d)(3)(D).

19. Accordingly, ERISA preempts state law to the extent it purports to create new interests in benefits or alienate benefits both prior to their distribution by the plan administrator, as well as after distribution based on a theory that state law created an interest in the benefits prior to their distribution. *Boggs v. Boggs*, 520 U.S. 833, 854 (1997); *see* 29 U.S.C. § 1056(d)(1).

## BACKGROUND

### Decedent's Previous Marriage

20. Upon information and belief, Decedent and Ruby were married in or around 1972 in La Crosse, Wisconsin.

21. Upon information and belief, Decedent and Ruby each brought children to their marriage. Decedent brought three children – Alexander, Robert, and Danielle – and Ruby brought two children – Gwendolyn and Dennis. Upon information and belief, neither Decedent nor Ruby adopted the children brought to the marriage by the other.

22. Upon information and belief, on or about November 27, 2007, Decedent and Ruby amended and restated a joint revocable trust.

23. Upon information and belief, during their marriage, Decedent and Ruby entered into a marital property agreement ("Marital Property Agreement") under which Decedent agreed to distribute his assets upon his death to the Prior Marriage Children in equal one-fifth (1/5) shares.

24. Upon information and belief, Ruby died on or about November 26, 2013.

**Decedent Designates Karol as the Beneficiary of the ERISA Benefits**

25. Karol and Decedent were married on or about October 16, 2016.

26. Upon information and belief, Decedent and the Prior Marriage Children executed an agreement amending the disposition of the Decedent's assets under the Marital Property Agreement and Decedent's and Ruby's joint revocable trust to include Karol as a one-sixth (1/6) beneficiary along with the Prior Marriage Children.

27. On or about January 24, 2017, Decedent and Karol established the Martin J. Smith and Karol I. Smith Joint Revocable Trust under a trust agreement effective January 24, 2017

("Trust"), and Decedent altered his estate plan such that Karol became the sole current beneficiary of Decedent's assets upon Decedent's death.

28. Under the terms of the Plan, a participant has the right to designate, according to the terms of the Plan, the person(s) eligible to receive the participant's Plan benefits upon the participant's death.

29. Upon information and belief, on or about November 2, 2016, Decedent provided to Gundersen a Beneficiary Designation dated October 22, 2016 naming Karol as the sole beneficiary to any benefits owed to Decedent under the Plan.

30. Upon information and belief, Gundersen gave effect to Decedent's Beneficiary Designation because it was executed consistent with the terms of the Plan.

31. On or about July 29, 2018, Decedent died.

32. On or about August 12, 2018, Karol completed the necessary paperwork to begin distributions from the Plan.

33. Karol elected monthly distributions in the amount of $5,200 per month.

**Dispute Concerning the ERISA Benefits and Concurrent State Court Proceedings**

34. Upon information and belief, notwithstanding the fact that Decedent's Beneficiary Designation naming Karol, the Decedent's surviving spouse, as the sole beneficiary of his benefits under the Plan was executed consistent with the terms of the Plan, counsel for the Prior Marriage Children contacted Gundersen directly and asserted that the Beneficiary Designation

was tortious and breached one or more contracts of which the Prior Marriage Children are third-party beneficiaries.

35. On or about October 12, 2018, the Prior Marriage Children filed a complaint in Wisconsin state court ("State Court Complaint") naming Karol, the Trust, and Gundersen as defendants[1] ("State Court Proceeding"). The State Court Complaint is attached as Exhibit A.

36. In the State Court Complaint, the Prior Marriage Children allege that "[Decedent] breached the Marital Property Agreement when he altered his estate plan and non-probate instruments to establish Karol I. Smith and/or Martin and Karol's Trust as beneficiaries over the [Prior Marriage Children]." Ex. A ¶ 29.

37. The Prior Marriage Children further allege that Gundersen and or Karol and the Trust "hold assets that are the rightful property of the [Prior Marriage Children] pursuant to the Marital Property Agreement and Martin and Ruby's Trust." Ex. A ¶ 47.

38. The Prior Marriage Children further allege that Gundersen "ha[s], or [is] in the process of, or will, transfer or distribute those assets or part of them to" Karol and/or the Trust. Ex. A ¶ 48.

39. Through the State Court Proceeding, the Prior Marriage Children seek, among other things, the imposition of a constructive trust and other injunctive relief—all under state law—against Karol, the Trust, and Gundersen with respect to the ERISA Benefits that are held by Gundersen, as well as those that have been or will be distributed to Karol. Ex. A ¶ 40.

[1] The Prior Marital Children also named as a defendant Trust Point, Inc., which they allege holds and/or manages certain non-ERISA investment accounts in which they also claim an interest. *See* Ex. A ¶ 21.

40. Through the State Court Proceeding, the Prior Marriage Children also seek an injunction under Wisconsin state law "preventing [Karol, the Trust, Gundersen, and Trust Point] from transferring, conveying or distributing" the ERISA Benefits to Karol or the Trust. Ex. A ¶ 51.

41. The state court is without jurisdiction to adjudicate the equitable relief sought by the Prior Marriage Children against Gundersen because such relief is subject to the exclusive jurisdiction of the district courts of the United States pursuant to 29 U.S.C. § 1132(e)(1).

42. Notwithstanding the state court's lack of jurisdiction, on or about December 7, 2018, Gundersen filed a counterclaim for interpleader with respect to the ERISA Benefits because Gundersen alleged that it could be subject to a variety of legal claims should it cease payments to Karol under the terms of the Plan.

## COUNT I

### Declaratory Judgment

43. Plaintiff re-alleges and incorporates herein by reference the allegations contained in this Complaint as though fully alleged and restated herein.

44. Plaintiff brings this declaratory judgment action pursuant to Federal Rule of Civil Procedure 7 and 28 U.S.C. §§ 2201, *et seq*.

45. The ERISA Benefits at issue are governed by ERISA.

46. ERISA preempts any and all state laws insofar as they relate to any employee benefit plan. 29 U.S.C. § 1144.

47. Decedent filed a valid Beneficiary Designation with Gundersen naming Karol as the sole beneficiary of the ERISA Benefits in accordance with the terms of the plan; accordingly, Karol is the designated sole beneficiary of the ERISA Benefits.

48. In the context of state family or domestic relations law, ERISA permits the assignment or alienation of pension benefits only when accomplished pursuant to a Qualified Domestic Relations Order ("QDRO"). *See* 29 U.S.C. § 1056(d)(3)(A).

49. The Marital Property Agreement does not qualify as a QDRO because it does not meet ERISA's statutory requirements. *See* 29 U.S.C. § 1056(d)(3)(B)-(D).

50. Accordingly, the Marital Property Agreement did not and could not alter Karol's interest in the ERISA Benefits as the named sole beneficiary under the Plan.

51. To the extent the Marital Property Agreement purported to assign, alienate, or create any interest in the ERISA Benefits in favor of the Prior Marriage Children, the Marital Property Agreement is preempted by ERISA.

52. Moreover, Decedent executed the Beneficiary Designation after the execution of the Marital Property Agreement; accordingly, the Beneficiary Designation extinguished any interest in the ERISA Benefits created by the Marital Property Agreement.

53. Neither Karol nor the Trust are parties to the Marital Property Agreement, and Karol has never waived her interests in the ERISA Benefits.

54. To the extent Karol is alleged to have waived her interests in the ERISA Benefits, such purported waiver was ineffective because it was inconsistent with the Plan documents and because it did not specify with sufficient particularity the benefits to be waived.

55. Moreover, the state court is without jurisdiction to adjudicate the Prior Marriage Children's claims for equitable relief against Gundersen, including the imposition of a state law constructive trust over the ERISA Benefits. 29 U.S.C. § 1132(e)(1).

56. Any further remedies sought by the Prior Marriage Children under state law against Karol or the ERISA Benefits *in rem* on the basis of the Marital Property Agreement, including the imposition of a constructive trust prior or subsequent to the distribution of the ERISA Benefits to Karol, fail because the Marital Property Agreement could not assign, alienate, or create any interest in the ERISA Benefits in favor of the Prior Marriage Children. 29 U.S.C. § 1056(d)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment declaring:

    A. The rights of the parties with respect to the ERISA Benefits;

    B. That Karol is the proper sole beneficiary to, and has the sole beneficial interest in, the ERISA Benefits that have been distributed to her;

    C. That Karol is the proper sole beneficiary to, and has the sole beneficial interest in, the ERISA Benefits that have yet to be distributed under the Plan;

    D. That the Marital Property Agreement did not create, assign, or transfer any interest in the ERISA Benefits in favor of the Prior Marriage Children;

    E. That, to the extent the Marital Property Agreement purported to create, assign, or transfer any interest in the ERISA Benefits in favor of the Prior Marriage Children, it is preempted by ERISA and void;

   F. That to the extent the Marital Property Agreement created any interest in the ERISA Benefits in favor of the Prior Marriage Children, Decedent's subsequent execution of the Beneficiary Designation extinguished that interest;

   G. That Karol has not waived any of her interests in the ERISA Benefits that have been distributed to her, nor those that have yet to be distributed to her;

   H. That the state court is without jurisdiction to adjudicate the Prior Marriage Children's claims for equitable relief with respect to the ERISA Benefits;

   I. That any attempt to impose a constructive trust over the ERISA Benefits based on a theory that an interest in the ERISA Benefits was created or transferred under state law is preempted by ERISA; and

   J. Granting Plaintiff such other and supplemental relief that this Court deems equitable, just, and appropriate under the circumstances.

## COUNT II

### Injunctive Relief Under ERISA

57. Plaintiff re-alleges and incorporates herein by reference the allegations contained in this Complaint as though fully alleged and restated herein.

58. The Prior Marriage Children are presently attempting to enjoin the distribution of the ERISA Benefits in direct contravention of the Plan documents and ERISA.

59. The State Court Proceeding has created substantial uncertainty with respect to the disposition of the ERISA Benefits and Karol's other assets.

60. Karol is unable to effectively budget for retirement, living, medical, and maintenance expenses because of the uncertainty created with respect to the ERISA Benefits.

61. In the absence of injunctive relief from this Court, Karol will suffer irreparable harm because she will be deprived of the certainty of receiving and enjoying the ERISA Benefits to which she is entitled and will be unable to efficiently allocate her resources in retirement.

62. Further, if the state court should grant the Prior Marriage Children's request and impose a constructive trust over the ERISA Benefits that have been distributed to Karol, Karol will suffer irreparable harm because she will be wrongly deprived the use and enjoyment of a substantial amount of her assets to which she is entitled.

63. Moreover, the state court is without jurisdiction to adjudicate the injunctive relief sought by the Prior Marriage Children (or by this Complaint) with respect to the ERISA Benefits. 29 U.S.C. § 1132(e)(1).

WHEREFORE, Plaintiff respectfully request that this Court:

A. Enter a permanent injunction ordering Gundersen to distribute the ERISA Benefits to Karol in accordance with the Plan documents;

B. Enter a permanent injunction prohibiting the Prior Marriage Children from attempting to dispossess Karol or interfere with Karol's possession and enjoyment of the ERISA Benefits that have been or will be distributed to her; and

C. Enter an Order or Judgment staying the State Court Proceeding with respect to the disposition of the ERISA Benefits to aid this Court's jurisdiction and protect and effectuate its judgment. 28 U.S.C. § 2283.

Dated this 27th day of March, 2019.

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202
414-298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

*<u>/s/ David J. Sisson</u>*
David J. Sisson
WI State Bar ID No. 1017422
dsisson@reinhartlaw.com
Caitlyn B. Sikorski
WI State Bar ID No. 1068596
csikorski@reinhartlaw.com

Attorneys for Plaintiff