IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KAROL I. SMITH,

                        Plaintiff,                              OPINION AND ORDER

        v.
                                                                19-cv-241-wmc
ALEXANDER SMITH,
ROBERT SMITH,
DANIELLE ZOERB,
GWENDOLYN PANGBURN,
GUNDERSEN LUTHERAN HEALTH SYS., INC.,
and GUNDERSEN LUTHERAN ADMINISTRATIVE SERVS., INC.,

                        Defendants.

        Yesterday, the court held oral argument on defendants' motions to dismiss, at which
the parties appeared telephonically via counsel.  The court issues this brief opinion and
order to memorialize its rulings.

        First, counsel for the Gundersen defendants represented that plaintiff, as Martin
Smith's Designated Beneficiary under the Gunderson Lutheran Employees' Retirement
Plan ("the Plan"), would continue to receive monthly disbursements of $5,200 as she
elected, subject to a further order -- either by this court or a state court -- directing
otherwise consistent with the Plan's obligations under ERISA.  Accordingly, the Gundersen
defendants will be dismissed from this lawsuit.

        Second, as confirmed by the discussion on the record, a case or controversy exists
between the remaining parties about the reach of ERISA, if any, to those monthly
disbursements by the Plan once received by plaintiff.  Accordingly, the court has subject
matter jurisdiction over this ERISA matter pursuant to 28 U.S.C. § 2201.  *See NewPage*

*Wis. Sys. Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union*, 651 F.3d 775, 776 (7th Cir. 2011) ("Declaratory judgment actions are authorized, see 28 U.S.C. § 2201, as long as there is an actual controversy between the two parties."); *id.* at 777 ("[J]urisdiction depends on a claim arising under federal law, not on whether a particular remedy is available or whether a claim is sound on the merits."). In particular, there appears to be an ongoing, good-faith dispute between the parties whether ERISA precludes defendants from pursuing a claim for a constructive trust over the disbursement of the Plan assets under Wisconsin law. *Compare Boggs v. Boggs*, 520 U.S. 833, 842-43, 850-53 (1997) (holding ERISA preempted claim to testamentary interest of deceased, non-participatory spouse by her sons under Louisiana's community property laws to defeat a surviving spouse's beneficiary interests, even post-disbursement); *and Melton v. Melton*, 324 F.3d 941, 945 (7th Cir. 2003) (holding that "ERISA preempts Illinois state law with respect to determining the rightful beneficiary of [decedent's] ERISA-regulated group term life insurance policy"); *with Culwick v. Wood*, No. 1:15-cv-05868 (ENV) (SMG), 2019 WL 2403194, at *11-*12 (E.D.N.Y. May 18, 2019) (holding that ERISA did not preempt state law claim for breach of marital property agreement against designated ERISA beneficiary). Put another way, plaintiff is the designated beneficiary under an ERISA Plan and the parties dispute where the line should be drawn as to her right to receive or use those funds. *See NewPage*, 651 F.3d at 778 ("A federal district court is the right forum for a dispute about the meaning of ERISA.").

Third, as a matter of deference and comity, absent substantial good cause shown, this court will not interfere in the state court proceedings, nor will it preclude the state

court from deciding how estate assets should be allocated. Accordingly, the court will reserve on abstention. Additionally, any discovery exchanged in the state court will be considered discovery taken in this action. The deadlines set in the pretrial conference order (dkt. #14) remain unchanged.

ORDER

IT IS ORDERED that:

1) The Gundersen defendants are DISMISSED. Subject to further sufficient direction under ERISA from this or the state court, they will continue making disbursements to plaintiff.

2) Defendants' motion to dismiss for lack of subject matter jurisdiction (dkt. #6) is DENIED.

3) The court RESERVES on abstention.

Entered this 2nd day of August, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge